IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| TALKISP CORP., | ) | |
| Plaintiff, | ) | No. C 05-55-EJM |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| XCAST LABORATORIES, INC, VLADIMIR | ) | |
| SMELYANSKY, ALEXANDER LITVAK, | ) | |
| DENIS NIKITIN, ROMAN MARCHEVSKY, | ) | |
| ALEX ANTONOV, YURI SHARKOV, | ) | |
| VICTOR GRINBERG, YAN PRITZKER, | ) | |
| and GLOBAL TOUCH TELECOM, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendant's resisted Motion to Dismiss or Transfer, filed April 29, 2005. Denied.

Plaintiff TalkISP Corporation (TalkISP), a Delaware corporation with its principal place of business in Anamosa, Iowa, brings this action seeking damages, declaratory and equitable relief from defendant XCast Laboratories, Inc. (XCast), a Delaware corporation with its principal place of business in Illinois, defendants Vladimir Smelyansky, Alexander Litvak, Denis Nikitin, Roman Marchevsky, Alex Antonov, Yuri Sharkov, Victor Grinberg and Yan Pritzker, all Illinois residents, and defendant Global Touch Telecom (GTT), a Delaware corporation with its principal place of business in California. Jurisdiction is based on 28 USC §§1331, 1332, 1338 and 1367.

TalkISP is in the business of developing and marketing an internet-based private branch exchange telephone service (PBX System). Plaintiff asserts that XCast and the

individually named defendants misappropriated TalkISP's PBX System, selling the system to defendant GTT.

In Count 1, plaintiff seeks a declaratory judgment that it owns the PBX system and that it is entitled to the source code therefor, or a copy of that code. In Count 2, plaintiff seeks an injunction requiring defendants to return the PBX System source code. In Count 3, plaintiff seeks damages from defendants for common law trademark infringement. In Count 4, captioned "Federal Unfair Competition," plaintiff seeks injunctive relief enjoining defendants from unfair competition within the meaning of 15 USC §1125(a)(1), to wit, from using plaintiff's trademarks "SIPTalk," "Unimessaging," and "TalkISP." In Count 5, characterized as Cyberpiracy, plaintiff seeks to restrain defendant GTT from using the mark "SIPTalk." In Count 6, plaintiff seeks damages from defendants for converting plaintiff's property, including computer hardware, servers, phones and gateways. In Count 7, plaintiff seeks damages from defendants Smelyansky, Marchevsky and Litvak for breach of fiduciary duty. In Count 8, plaintiff seeks specific performance from the Individual Defendants, urging that it had an oral contract with them whereby they were to provide a certain source code. In Count 9, plaintiff seeks damages from defendant Litvak for breach of contract. In Count 10, plaintiff seeks damages from GTT for tortious interference with contract.

Defendants Smelyansky, Litvak, Nikitin, Marchevsky, Antonov, Sharkov and Grinberg seek dismissal for want of personal jurisdiction. Additionally, XCast, GTT and Pritzker seek dismissal for improper venue, or alternatively, transfer to the US District

Court for the Northern District of Illinois pursuant to the doctrine of forum non conveniens. In support, Smelyansky, Litvak, Nikitin, Marchevsky, Antonov, Sharkov and Grinberg assert that they don't have sufficient minimum contacts with Iowa to support the exercise of personal jurisdiction. They urge that they conducted no business in Iowa, and any contacts they had with Iowa were random, attenuated, fortuitous, and that the facts giving rise to this action occurred in Illinois. Defendants further urge that all are subject to personal jurisdiction in Illinois, where all witnesses and evidence are located.[1]

To defeat a motion to dismiss for lack of personal jurisdiction, the non-moving party need only make a prima facie showing of jurisdiction. Barone v. Rich Bros. Interstate Display Fireworks, 25 F3d 610, 612 (8th Cir. 1994) citing Dakota Industries, Inc. v. Dakota Sportswear, Inc., 946 F2d 1384, 1387 (8th Cir. 1991). Jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing. Id. If the court does not hold a hearing and instead relies on pleadings, supplemental filings and affidavits, as it does here, the court must look at the facts in the light most favorable to the non-moving party and resolve all factual conflicts in favor of that party. Id.; see also General Electric Capital Corp. v. Grossman, 991 F2d 1376, 1387 (8th Cir. 1993) (citing Dakota Industries, supra).

The court's analysis of the adequacy of the non-moving party's prima facie showing of personal jurisdiction requires that the court first examine whether the exercise

---

[1]Defendants refer to themselves by their first names in their filings. Henceforth, they shall refer to themselves by their last names.

of jurisdiction is proper under the forum state's long-arm authority, and then address whether the exercise of personal jurisdiction comports with due process. <u>Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.</u>, 51 F3d 1383, 1387 (8th Cir. 1995); <u>Sondergard v. Miles, Inc.</u>, 985 F2d 1389, 1392 (8th Cir. 1993), <u>cert. denied</u>, 114 SCt 63 (1993). Personal jurisdiction in Iowa reaches to the fullest extent permitted by the Constitution. <u>Hicklin Engineering, Inc. v. Aidco, Inc.</u>, 959 F2d 738, 739 (8th Cir. 1992) (citing <u>Newton Mfg. Co. v. Biogenetics, Ltd.</u>, 461 NW2d 472, 474 (1990)). Accordingly, the inquiry collapses into the single question of whether this court's exercise of personal jurisdiction over the defendants is consistent with due process. <u>Bell Paper Box, Inc., v. U.S. Kids, Inc.</u>, 22 F3d 816, 818 (8th Cir. 1994).

In <u>International Shoe Co. v. Washington</u>, 326 US 310, 316 (1945), the Court held that

> [d]ue process requires only that in order to subject a defendant to a judgment <u>in personam</u>, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

<u>Id</u>. In <u>Dakota Industries</u>, the Eighth Circuit Court of Appeals summarized these due process requirements.

> In a series of cases following <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Supreme Court has elucidated the "minimum contacts" standard that must be satisfied before a nonresident can be subjected to the jurisdiction of a state's courts. Due process requires that out-of-state defendants have "'fair warning'" that they could be "haled into" court in a foreign jurisdiction. This requirement "is satisfied if the defendant has

4

> 'purposefully directed' his activities at residents of the forum . . . and the litigation results from alleged injuries that 'arise out of or relate to' those activities.
>
> The contacts with the forum state must be more than "'random,'" "'fortuitous,'" or "'attenuated.'" The due process clause forecloses personal jurisdiction unless the actions of the "defendant himself . . . create[d] a 'substantial connection' with the forum State." Once the court has found that the defendant purposefully established the requisite minimum contacts with the forum state, the court still must determine whether the assertion of jurisdiction comports with "'fair play and substantial justice.'"

Dakota Industries, supra, at 1389 (citations omitted).

The test for evaluating the propriety of jurisdiction under the due process clause requires the court to consider: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." Bell Paper Box, Inc. v. U.S. Kids, Inc., supra, 22 F3d at 819 (citing Land-O-Nod Co. v. Bassett Furniture Industries, Inc., 708 F2d 1338, 1340 (8th Cir. 1983)). Of these factors, the first three are the most important. Dakota Industries, supra, at 1390. "In assessing the sufficiency of contacts, we focus on the relationship 'among the defendant, the forum, and the litigation.'" Gould v. P.T. Krakatau Steel, 957 F2d 573, 575 (8th Cir. 1992)(quoting Shaffer v. Heitner, 433 US 186, 204 (1977)), cert. denied, 113 SCt 304 (1992).

Additionally, focusing on the relation of the cause of action to the contacts, there are two broad types of personal jurisdiction: specific jurisdiction and general jurisdiction. Helicopteros Nacionales de Colombia v. Hall, 466 US 408, 414-6 (1984).

> Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state. [Helicopteros, supra,] at 414, 104 S.Ct. at 1872. General jurisdiction, on the other hand, refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose. Id. at 415, 104 S.Ct. at 1872.

Sondergard, 985 F2d at 1392. Specific jurisdiction may not be exercised where none of the actions complained of occurred within or had any connection to the forum state. Id.; see also Helicopteros, supra, at 414 (specific jurisdiction considers whether the cause of action asserted against the non-resident defendant "arises out of or relates to" the non-resident's contacts with the forum). For general jurisdiction to exist, the non-resident defendant must be engaged in "continuous and systematic general business contacts" within the forum. Helicopteros, supra, at 416.

Upon review of this matter in accordance with the foregoing standards, it is the court's view that plaintiff has come forward with a prima facie showing of both specific and general personal jurisdiction, including the individual defendants' entering into business with plaintiff in Iowa, accepting payments from, and equity in TalkISP for their services, selling and servicing Iowa customers, and holding themselves out as employees of TalkISP, as well as GTT and XCast coming to Iowa to consider merging with plaintiff.

While defendants have sought dismissal pursuant to the doctrine of forum non conveniens, or alternatively, a change of forum to the Northern District of Illinois pursuant to 28 USC §1404(a), on this record the court is satisfied that venue is appropriate here. Plaintiff is entitled to considerable deference in choice of forum, and on this record defendants have not come forward with a sufficient showing that the convenience of the parties, witnesses, and the interests of justice warrant transfer.

It is therefore

ORDERED

Denied.

July 14, 2005.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT